UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv245
(3:04cr137)

| | |
|---|---|
| DIMARCO ANTONIO ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, (Doc. No. 1) and Memorandum in Support (Doc. No. 2); the Government's Response and Motion for Summary Judgment (Doc. Nos. 4 and 5); and Petitioner's reply (Doc. No. 7). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed.

I. PROCEDURAL HISTORY

On May 25, 2004, Petitioner was named in a three-count Bill of Indictment and charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two) and using and carrying a firearm during and in relation to a drug trafficking crime or possessing said firearm in furtherance of such a crime in violation of 18 U.S.C. § 924(c)(1). (Case No. 3:04cr137, Doc. No. 1: Bill of Indictment.) On June 1, 2004, the government filed a notice of enhancement pursuant to 21 U.S.C. § 851 in relation to Count Two, based on Petitioner's previous conviction for a felony drug offense. (Id., Doc. No. 2). On June 30, 2004, Petitioner's case

1

was continued until September 13, 2004, on the Court's own motion due to the unexpected unavailability of the presiding judge. (Id. Doc. No. 10). On August 25, 2004, the Court granted defendant's request for a continuance which extended the continuance to November 8, 2004 to allow defendant additional time to complete discovery, plea negotiations and preparation for trial. (Id., Doc. No. 14). On September 28, 2004, the government filed a superseding indictment that was identical to the original indictment with the addition of a notice of a Guideline violation in relation to Count One. (Id., Doc. No. 16). The Court thereafter granted two additional continuances and set the trial for May 16, 2005. (Id., Doc. Nos. 19, 21).

On April 25, 2005, Petitioner filed a signed plea agreement in which he agreed to plead guilty to Counts Two and Three and in exchange the government agreed to dismiss Count One at sentencing. (Id., Doc. No. 22). As part of the agreement, Petitioner waived all rights to contest his conviction and sentence except for claims of ineffective assistance of counsel, prosecutorial misconduct and inconsistencies between his plea agreement and application of the Guidelines. (Id. at ¶ 18). During the Plea and Rule 11 Hearing, Petitioner stated that he received a copy of the Indictment and reviewed the charges against him with his attorney and that he fully understood the charges. (Id., Doc. No. 38 at 5). The Court then reviewed the charges and penalties with Petitioner. (Id. at 6). At the conclusion of the Plea and Rule 11 hearing, the magistrate judge accepted Petitioner's plea finding that Petitioner understood the charges and was pleading knowingly and voluntarily. (Id. at 21).

Petitioner's July 26, 2006 sentencing hearing was continued to allow Petitioner an opportunity to provide substantial assistance to the government. (Criminal Case 3:04cr137, minute entry 7/26/2006). Petitioner was unable to provide such assistance and was sentenced on October 26, 2006, to the statutory minimum term of 120 months on Count Two and 60 months consecutive

on Count Three.  (Id., Doc. No. 26).  At his sentencing hearing, Petitioner confirmed that he understood the nature and elements of the charges against him and that he was fully satisfied with the services of his attorney.  (Id., Doc. No. 41 at 2).

Petitioner's counsel filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that Petitioner's sentence was unreasonable but that there was no meritorious issues for appellate review.  Petitioner was advised of his right to file a supplemental brief but did not file a brief.  On September 14, 2007, the Fourth Circuit issued an unpublished decision affirming Petitioner's conviction and sentence.  United States v. Alexander, 247 F. App'x 416 (4th Cir. 2007).  Petitioner filed the instant Motion to Vacate claiming, among other things, that his plea was involuntary, his counsel was ineffective and he is actually innocent.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.  If the motion is not dismissed after that initial review, the court must direct the government to respond.  Id.  The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).  Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required.  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### A. Claims Not Raised on Direct Appeal Are Procedurally Defaulted

Among other issues, Petitioner argues that his plea was not knowing and voluntary, his right to a speedy trial was violated, and Count Two of the Indictment did not charge him with a federal

3

offense.

First, Petitioner did not raise these issues on direct appeal. Petitioner's counsel filed an Anders brief and Petitioner was invited to file a supplemental brief. However, he did not do so. Petitioner's claims are therefore procedurally barred as he did not raise these claim on appeal. Generally, claims that could have been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621(1998) (citation and internal quotation marks omitted). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 185 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[1] See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

The term "cause" refers to some kind of impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 20010). Thus, the existence of cause from a procedural default must turn on some external factor that impedes defense counsel's efforts to comply with a procedural rule. Murray v. Carrier, 477 U.S. 478, 488(1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at [his] trial created a *possibility* of prejudice, but that they worked to

---

[1] Perhaps to overcome the waiver in his plea agreement, Petitioner claims that he is actually innocent of the section 924(c) charge relying on Bailey v. United States, 516 U.S. 137 (1995) and arguing that his actions do not fall with the scope of 18 U.S.C. § 924(c) because he did not "use and carry" the firearm as the Supreme Court has defined the terms. This Court has addressed Petitioner's Bailey argument in this Order and concluded that because the statute was amended in the wake of Bailey, Petitioner's argument is without merit.

4

[his] *actual* and substantial disadvantage, infecting [his] entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). In this case, the Petitioner provides no explanation regarding cause for his failure to raise these claims on direct review except a conclusory statement that his counsel was ineffective for failing to raise all of his claims on direct appeal. However, Petitioner was advised by the Fourth Circuit that his counsel filed an Anders brief and that he could file a supplemental brief. Petitioner chose not to file a supplemental brief. Petitioner has not met his burden. Therefore Petitioner's claims are procedurally barred.

However, in an abundance of caution, and because Petitioner raises a blanket claim ineffective assistance of counsel which may be construed as including some or all of the above claims, the Court will address the merits of each of Petitioner's claims.

### 1. Petitioner's Plea Was Voluntary

First, Petitioner argues that his guilty plea was not knowingly and voluntarily given. Specifically, Petitioner claims that he was misinformed as to the elements of Count Three; the Court erroneously accepted his plea prior to submission of the Presentence Report ("PSR"); and the Court accepted his plea in violation of Rule 11(f) of the Federal Rules of Criminal Procedure by failing to establish a factual basis for each count.

To begin, Petitioner argues that his guilty plea was accepted in violation of Rule 11(f) of the Federal Rules of Civil Procedure because the Court accepted his plea without determining a factual basis for each count.[2] Under the Federal Rules of Criminal Procedure, the court must determine that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). The court, however, is not required

---

[2] The provision of the Federal Rules of Criminal Procedure to which the Petitioner is referring is now Rule 11(b)(3). While the language has changed, the substantive requirement is the same.

to make such a determination at the Rule 11 proceedings; it may defer its inquiry until sentencing. United States v. Mitchell, 104 F.3d 649, 651 (4th Cir. 1997). Moreover, the Court need not establish a factual basis through the plea colloquy; the court "may conclude that a factual basis exists from anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 177 (4th Cir. 1991); United States v. Graves, 106 F.3d 342, 345 (10th Cir. 1997) ("[W]e note that under Rule 11(f), a court may also satisfy the factual basis requirement by examining the presentence report."); United States v. Martinez, 277 F.3d 517 (4th Cir. 2002) (presentence report listing litany of information supporting elements of charges was adequate to support factual basis for guilty pleas).

In the instant case, the inquiry into the factual basis for Petitioner's guilty pleas was deferred until sentencing. At sentencing, pursuant to a stipulation in the plea agreement, the Court adopted the Presentence Report, which contained sufficient information to support the elements of the two charges to which Petitioner pleaded guilty.[3] (Case No. 3:04cr137, Doc. No.461: Transcript of Sentencing Hearing at 3.) Therefore, Petitioner has not established any violation of Rule 11 of the Federal Rules of Criminal procedure regarding this Court's conclusion that a factual basis existed to support his guilty pleas.

Next, Petitioner argues that his plea was not knowing because the Court erred in accepting his plea before the PSR was submitted. First, Petitioner was informed both in his Plea Agreement and during his Plea and Rule 11 hearing that a PSR would be prepared after his guilty plea. (Id., Doc. No. 22 ¶ 8 and Doc. No. 38 at 10). Next, § 6B1.1(c), which was amended effective November

---

[3] Specifically, the PSR stated that Petitioner was arrested after police received a tip from a confidential informant that he was selling crack cocaine out of a yellow Cadillac parked in front of an apartment building at 3420 Rogers Street, Charlotte, NC. Upon his arrest, the police recovered a Ruger .40 caliber semi-automatic pistol under the front seat, 13.9 grams of crack cocaine in the passenger area and $448.00 in U.S. currency in the passenger area.

6

1, 2004, and in effect at the time Petitioner entered his plea, states "[t]o the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it or defer a decision until the court has reviewed the presentence report." U.S. Sentencing Guidelines Manual § 6B.1.(c). Petitioner entered his guilty plea pursuant to a plea agreement. While the defendant must be made aware of the use of the Guidelines in calculating his sentence when he enters a guilty plea, the Guideline range itself need not be calculated and disclosed before such a plea is accepted. United States v. DeFusco, 949 F.2d 114, 118 (4th Cir. 1991). Here, the Court accepted Petitioner guilty plea after the Rule 11 colloquy but deferred acceptance of the plea agreement and inquiry into the factual basis for the pleas until the Presentence report had been prepared for the sentencing hearing. At the sentencing hearing, the Court dismissed Count One of the Indictment and sentenced Petitioner on Counts Two and Three. Both Petitioner's guilty plea and plea agreement were accepted in accordance with the Federal Sentencing Guidelines and Federal Rules of Civil Procedure. Petitioner's claim that his plea was not knowing because the Court accepted his plea before the PSR was prepared is without merit and must be denied.

      Next, Petitioner argues that his guilty plea was not knowing or voluntary because he was not properly informed of the elements of Count Three and because the Court failed to inform him that his actions did not fall under the definition of the "carry" prong of 18 U.S.C. § 924(c)(1) prior to accepting his guilty plea. Petitioner argues that although a firearm was found alongside the drugs in his car, he was not in violation of 18 U.S.C. § 924(c)(1) because he did not "use" or "carry" the firearm as defined by the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995). In Bailey, the United States Supreme Court defined the "use" prong of 18 U.S.C. § 924(c)(1) as "active employment" of a firearm, not just presence at the crime scene. Bailey, 516 U.S. at 144. However, Bailey, did not define the "carry" prong, and the Court simply indicated that section 924(c) was not

intended to punish possession alone. Id. The Fourth Circuit has noted that "in the wake of [Bailey], Congress amended 18 U.S.C. § 924(c) to criminalize the 'possession' of a firearm 'in furtherance of' certain crimes" United States v. Lomax, 293 F.3d 701, 703 (4th Cir. 2002). The superseding version of the statute, which Petitioner was charged, prohibits using or carrying a firearm "during and in relation to" a drug trafficking crime and possession of a firearm "in furtherance of" such a crime. The Fourth Circuit has ruled that "[w]hen guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payments for drugs, may reasonably be considered to be possessed "in furtherance of" an ongoing drug-trafficking crime." United States v. Armstrong, 257 F. App'x. 682, 687-88 (4th Cir. 2003) (per curiam) (quoting United States v. Garmer, 338 F.3d 78, 81 (1st Cir. 2003)).

The facts as articulated in the PSR indicate that after receiving a tip from a confidential informant that Petitioner was selling crack cocaine out of a yellow Cadillac in the parking lot of an apartment building at 3420 Rogers Street, Charlotte, NC, police found a Ruger .40 caliber semi-automatic pistol under the front seat of his car in close proximity to 13.9 grams of crack cocaine and $448.00 is U.S. currency. (Criminal case 3:04cr137, Doc. No. 32 at ¶¶ 7and 8). On these facts, Petitioner's possession of the gun clearly satisfies the elements of 18 U.S.C. § 924(c)(1). Therefore, Petitioner's claim that the Court failed to inform him that his actions did not violate 18 U.S.C. § 924(c)(1) is without merit.

In reviewing the record, the Court also concludes that Petitioner's claim that he was not properly informed of the elements of Court Three is without merit. Indeed, Petitioner was instructed consistent with Fourth Circuit law and the correct statutory language on multiple occasions. First, Count Three of the Indictment charged that ". . . during and in relation to a drug trafficking crime

8

. . . [Alexander] did knowingly and unlawfully use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess said firearm . . . in violation of Title 18 United States Code, Section 924(c)(1)." (Criminal case 3:04cr137, Doc. Nos. 1 and 16 at 2.) The language of the Indictment was proper. At Petitioner's initial appearance, the judge discussed section 924(c)'s possession element in his description of the charged offense: "[a]nd the third count is that on that same day, you used and carried or possessed a firearm in connection with that drug offense." (Id. Doc. No. 36 at 2). At his Plea and Rule 11 hearing, Petitioner was read a description of Count Three and told the maximum penalties association with Count Three. The Court explained that "Count Three alleges that . . . during and in relation to a drug trafficking crime, . . . [Petitioner] did knowingly and unlawfully use and carry a firearm, and in furtherance of that crime, did possess a firearm . . . ." (Id., Doc. No. 38 at 6-7). Petitioner indicated that he consulted with his attorney and fully understood the charges against him. (Id. at 5, 7). Petitioner stated that he was, in fact, guilty of Counts Two and Three of the Indictment. (Id. at 13). Petitioner responded "no, sir" when asked whether anyone threatened, intimidated or forced him to plead guilty and told the Court he had adequate time to discuss possible defenses to the charges with his attorney and was satisfied with the services of his attorney. (Id. at 19). The Court then accepted Petitioner's guilty plea finding his plea was knowingly and voluntarily made and that Petitioner understood the charges. (Id. at 21). This Court notes that sworn statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of the defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). The Fourth Circuit has held , "[a] defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath and during a properly conducted Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Petitioner had numerous opportunities

to express reservation about the nature of the charges or the voluntariness of his plea. However, in his sworn testimony after full explanation by the Court regarding the nature of the charges, he assured the Court that he understood the charges, had spoken with his attorney and was, in fact, guilty of the charges. The record evidence makes clear that Petitioner was properly informed of the elements of the 924(c) charge and that his guilty pleas were knowing and voluntarily entered. Therefore, his claim that he was not properly informed of the § 924(c) charge making his plea unknowing and involuntary is without merit.

### 2. Actual Innocence[4]

Petitioner's claim that he is actually innocent of the 924(c) Count based on Bailey was addressed in the previous section of this Order as well as in footnote 1. Petitioner also claims he is actually innocent as to the ten-year mandatory minimum sentence pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. The government filed a notice of enhancement on June 1, 2004 (Criminal Case 3:04cr137, Doc. No. 2). Petitioner now makes a procedural innocence argument that the Court lacked jurisdiction to impose an enhanced sentence because the government erred in failing to renew its notice after filing a superseding indictment on September 28, 2004. This argument is without merit because the government is not required to re-file its notice of an enhanced sentence after the return of a superseding indictment. United States v. Cooper, 461 F.3d 850, 853 (7th Cir. 2006). The substantive crimes charged in the superseding indictment were not modified from the original

---

[4] It is not clear whether Petitioner is attempting to raise his actual innocence claims as a "gateway" to overcome his otherwise procedurally defaulted claims, or as "freestanding" claims. Herrera v. Collins, 506 U.S. 390 (1993). To the extent such claims are raised as a "gateway" to defaulted claims, the waiver provisions in his Plea Agreement, which has not been challenged, would likely bar the Petitioner's claims. To the extent Petitioner's claims are meant to be "freestanding" claims, such a claim does not state a ground for federal habeas relief. Id, at 400. Either way, his claims are frivolous and without merit.

indictment and both indictments were charged in the same court and involved the same defense counsel. (Id., Doc. Nos. 1 and 16). Petitioner was given sufficient notice that he was subject to an enhanced sentence and his claim that he is actually innocent as to the ten-year mandatory minimum sentence is without merit.

Petitioner also argues that he is actually innocent of the sentencing enhancement because the prior felony drug offense on which the enhancement was based was actually a misdemeanor under governing state law. Petitioner cites a state law case that has since been overturned. State v. Jones, 588 S.E.2d 5 (N.C. Ct. App. 2003). Moreover, the PSR classified Petitioner's prior drug offense as a felony and Petitioner stated during his sentencing hearing that he had reviewed and understood the PSR and had adequate opportunity to review the PSR with his counsel. (Id., Doc. No. 41 at 3). Further, although given an opportunity to address the Court, Petitioner made no reference to the PSR attributing a felony conviction to him that should have been a misdemeanor. Finally, Petitioner has not provided any evidence that the information in the PSR in not accurate. Petitioner's claim that he is actually innocent of the sentencing enhancement is denied.

### 3. Speedy Trial Claim

Next, Petitioner argues that the Court had no jurisdiction to convict and sentence him because his right to a speedy trial was violated. Petitioner contends that his right to an indictment within thirty days of his arrest was violated because he was arrested on June 18, 2004, but the superseding federal indictment was not filed until September 28, 2004. The Speedy Trial Act reads, in relevant part, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Petitioner was

indicted on May 25, 2004 but not arrested until on June 18, 2004 (Criminal Case 3:04cr137, Doc. Nos. 1 and 8). Since Petitioner's arrest did not occur until after the indictment, the Speedy Trial Act was not implicated. United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982); United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995). A superseding indictment was then returned against Petitioner on September 28, 2004. The superseding indictment charged the exact same offenses as the original indictment but included a notice of a Guideline violation in relation to Count One. "A superseding indictment filed more than thirty days after arrest . . . does not violate [18 U.S.C.] section 3161(b) so long as the original indictment was filed within the thirty-day time frame." United States v. Walker, 545 F.3d 1081, 1086 (D.C. Cir. 2008); United States v. Budzyna, 666 F.2d 666, 669-70 (1st Cir. 1981) (holding that the sanctions provided by 18 U.S.C. § 3162(a) for violations of 18 U.S.C. § 3161 subsections (b) and (c) "do not reach" a case that "involves both an original and a superseding indictment" because Congress did not intend "the date of a superseding indictment, constituting a mere amendment of the original, to take priority over the original for purposes of determining whether or not the sanction provisions apply to the ongoing case); see also United States v. Ables, 801 F.2d 395 (4th Cir. 1986) (unpublished) (when the government procures the original indictment in a timely fashion, which provided notice of the charges to the defendant, then files a superseding indictment with only minor changes to the charges, the Speedy Trial Act allows the government to rely on the superseding indictment). Therefore, the superseding indictment in this case, which included the exact same offenses as the original indictment plus a notice of Guideline violation in relation to Count One, did not violate the Speedy Trial Act and Petitioner's claim is denied.

### 4. Count Two Charges a Cognizable Offense

Next, Petitioner appears to argue that Count Two of the Indictment does not charge a

cognizable offense because it does not include the word "unlawful" which he alleges is an essential element of 21 U.S.C. § 841(a)(1). He argues that because the Indictment excluded the word unlawful, he was not on notice of the crime with which he was charged.

A defendant must receive "fair notice of the elements of the offense with which he is charged and sufficient detail so he can plead an acquittal or a guilty verdict as a bar to a subsequent prosecution for the same offense." United States v. Jackson, 327 F.3d 273, 290 (4th Cir. 2003). In the instant case, both the initial Indictment and the Superseding Indictment charge in Count Two that Petitioner "knowingly and intentionally possessed with intent to distribute cocaine base, a Schedule II controlled substance . . . [i]n violation of 21, United States Code, Section 841(a)(1). (Id, Doc. Nos. 1 and 16). The elements of possession with intent to distribute cocaine base are (1) possession of the cocaine base; (2) knowledge of this possession; and (3) intention to distribute the cocaine base. United States v. Craig, 358 F. App'x 446, 450 (4th Cir. 2009). The Indictment in this case put Petitioner on notice of the offense with which he was charged and included the elements of the offense. Petitioner's claim that Count Two of the Indictment does not charge a cognizable offense and that Count Two did not provide him with notice of the crime with which he was charged is baseless and must be denied.

### B. Ineffective Assistance of Counsel Claims

Petitioner claims that his counsel provided ineffective assistance of counsel based on his failure to raise on appeal all claims of relief set forth in his Motion to Vacate. He also alleges that his attorney was ineffective for failing to: (1) investigate his case; (2) file a motion to suppress the drug and firearm evidence; (3) advise him of all available defenses; (4) advise him of the government's duty to prove each element of the offense beyond a reasonable doubt; and (5) advise him of his trial rights. Additionally, he accuses his attorney of "deliberately and maliciously"

sabotaging his chance for direct review of his conviction and sentence by filing an Anders brief.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" In the context of a guilty plea, the petitioner must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58 (4th Cir. 1985). For claims involving sentencing errors, in order to demonstrate an entitlement to relief on those, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor,

188 F.3d 239, 248-49 (4th Cir. 1999)

      Petitioner cannot establish either deficiency or prejudice with respect to his claim that his counsel was deficient for failing to raise on appeal all of the claims contained in his Motion to Vacate. Indeed, the undersigned reviewed the merits each of the Petitioner's claims in the above sections of this Order and determined that all of Petitioner's claims are without merit. Therefore, his counsel cannot be deemed to have been ineffective for failing to raise such claims on appeal nor can he be considered ineffective for filing an Anders brief.

      With respect to his remaining claims of ineffective assistance of counsel, Petitioner offers no factual evidence to substantiate his remaining claims or any evidence tending to establish either deficiency or prejudice. Although he claims his attorney failed to advise him on a number of issues, his claims are belied by his sworn testimony at his Rule 11 hearing. Indeed, Petitioner assured the Court that he had discussed the indictment with his attorney and understood it. (Criminal case 3:04cr137, Doc. No. 38 at 5, 7). He affirmed that he understood his right to plead not guilty, his trial rights, the presumption of innocence, and the government's burden of proof. (Id., at 12). He also faults his attorney for failing to investigate his case, but concedes that standard discovery was conducted, (Motion to Vacate at 38) and fails to allege what further discovery would have produced. Most critically, he does not allege that if his attorney had conducted further discovery, he would not have plead guilty. Petitioner's most specific claim is that his attorney failed to file a motion to suppress the firearm and drug evidence as illegally obtained. However, he does not articulate any colorable basis for such suppression.[5]

---

[5] Moreover, Petitioner's claim would be barred by Tollett v. Henderson, 411 U.S. 258 (1973). Petitioner's claim that his counsel was ineffective for failing to file a motion to suppress occurred prior to the entry of his guilty plea which Petitioner has not been successfully challenged.

III. CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 5) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: January 6, 2011

Frank D. Whitney
United States District Judge