UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-294-FDW
(3:04-cr-137-FDW-1)

| | |
|---|---|
| DIMARCO ANTONIO ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Sentence Under Simmons: Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*." (Doc. No. 1).

I. BACKGROUND

Petitioner pled guilty in the underlying criminal case to: Count (2), possession with intent to distribute cocaine base (21 U.S.C. §§ 841(b)(1)(B)(iii), 851); and Count (3), possession of a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)). (3:04-cr-137, Doc. No. 26). The § 851 Notice was based on Petitioner's 1999 conviction for felony possession of cocaine in violation of North Carolina law. (Id., Doc. No. 2). The Court sentenced Petitioner to 120 months' imprisonment for Count (2) and 60 months for Count (3), consecutive, for a total of 180 months' imprisonment, followed by a total of eight years of supervised release. (Id., Doc. No. 26). The Fourth Circuit Court of Appeals affirmed. United States v. Alexander, 247 Fed. Appx. 416 (4th Cir. 2007).

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, case number 3:08-cv-

1

245, that was denied and dismissed. Alexander v. United States, 2011 WL 52864 (W.D.N.C. Jan. 6, 2011).

Petitioner filed the instant case in August 2013, arguing that the predicate conviction for his sentencing enhancement was not punishable by more than one year in prison pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). The Government filed unopposed motions to stay this case pending the outcome of Surratt v. United States, 14-6851, then United States v. Wheeler, No. 16-6073, which were granted. See (Doc. Nos. 2, 4, 5, 8).

Meanwhile, Petitioner filed a Motion for Amended Judgment under the First Step Act of 2018 in the criminal case on January 18, 2019, to which the Government consented. (3:04-cr-137, Doc. No. 62). Petitioner's sentence was reduced from 120 months to time served plus 10 days, followed by a modified term of supervised release. (Id., Doc. No. 64).

The Government has filed its Response in opposition to the instant Petition now that Wheeler is final, 886 F.3d 415 (4th Cir. 2018) *certiorari denied* 139 S.Ct. 1318. The Government argues that the instant Petition should be denied as moot because Petitioner has been released from custody. (Doc. No. 15). Petitioner has not filed a Reply.

## II. DISCUSSION

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Nakell v. Attn'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Jud'l Cir. Court of

Ky., 410 U.S. 484, 494–95 (1973). An incarcerated convict's or parolee's challenge to the validity of his conviction always satisfies the case or controversy requirement, but, once a convict's sentence has expired, some collateral consequence of the conviction must exist if the suit is to be maintained. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998).

Petitioner's sentence was reduced to time served plus 10 days and he has been released from the Bureau of Prisons' custody. Petitioner assert no collateral consequences upon which § 2255 or 2241 relief should be granted, so no case or controversy presently exists. See United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008); see, e.g., Williams v. United States, 2018 WL 1612203 (W.D.N.C. April 3, 2018). Because there is no live case or controversy before the Court, the instant Petition will be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, the instant Petition is dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The "Motion to Vacate Sentence Under Simmons: Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*," (Doc. No. 1), is **DISMISSED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 24, 2019

Frank D. Whitney
Chief United States District Judge